UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT MARTIN, | ) | CASE NO.: 3:15CV1825 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| OHIO ADULT PAROLE AUTHORITY, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

On or about September 8, 2015, Petitioner Robert Martin ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28. U.S.C.§ 2254.[1] ECF Dkt. #1. Respondent Ohio Adult Parole Authority ("Respondent" or the "OAPB"), through Warden Brian Cook, filed a return of writ on December 16, 2015.[2] ECF Dkt. #6. Petitioner filed a response to Respondent's return of writ on December 23, 2015. ECF Dkt. #7.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

---

[1] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72 (1988). However, Petitioner's habeas petition does not indicate the date on which it was handed over to the prison for mailing. In any event, the habeas petition is time-barred as it was filed approximately fifteen months after the AEPDA statute of limitations had expired, and neither party provides any reason to believe the habeas petition was not submitted to the Court and filed in a timely manner after being handed over to the prison mail system.

[2] While the OAPB is the named respondent in this case, the return of writ was filed through Warden Cook, the Warden of Southeastern Correctional Institution, where Petitioner is incarcerated. Accordingly, the term "Respondent" is used where the undersigned is referring to arguments presented for the purpose of this review, and "OAPB" is used when discussing the facts and procedural history of this case.

**I.      SYNOPSIS OF THE FACTS**

The Sixth District Court of Appeals set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999). As set forth by the Sixth District Court of Appeals, the facts are:

> [Petitioner] was convicted of second degree murder after a jury trial. At the trial [Petitioner] admitted that he committed the murder and the only issue for the jury's determination was whether [Petitioner] was insane at the time of the commission of the offense. [Petitioner] was sentenced to fifteen years to life imprisonment. Thereafter, the court affirmed his conviction and sentence in a decision and judgment entry dated November 13, 1974. In his direct appeal to this court, [Petitioner] was represented by his trial counsel and raised five assignments of error which asserted the improper admission of evidence, prosecutorial misconduct, and that the evidence did not support the conviction. Thereafter, the Supreme Court of Ohio refused to hear the appeal on the grounds that [Petitioner] had not presented a substantial constitutional question. On February 13, 1978, [Petitioner] filed his first petition for post-conviction relief. In that petition, [Petitioner] alleged that he had been denied the effective assistance of counsel during his trial and on direct appeal due to counsel's failure to adequately research the law, failure to object to an erroneous jury instruction, and failure to raise the erroneous instruction on appeal. Thereafter, the lower court appointed new counsel to represent [Petitioner] in the post-conviction proceeding. A hearing was then held at which [Petitioner], Edward Rhode, [Petitioner's] counsel at the trial and direct appeal, Albert Rathburn, the Sandusky County Clerk of Courts, and Judge Harry Sargeant, the original prosecutor on the case, testified. In a brief filed after the hearing, [Petitioner] cited numerous instances which he alleged established that he had been denied the effective assistance of counsel. In a decision and judgment entry, including findings of fact and conclusions of law, dated December 19, 1978, the common pleas court concluded that [Petitioner] had not been denied the effective assistance of counsel. Specifically, the court held that in all areas of representation, "*** counsel performed conscientiously to protect and to defend his client and, further, applied skill and learning which experience has apparently allowed him to accumulate beyond that which would be attributed to a lawyer of ordinary training and experience." Subsequently, in a decision and judgment entry of May 4, 1979, this court affirmed the trial court's denial of [Petitioner's] petition.

*State v. Martin*, 6th Dist. Sandusky Co. No. S-95-054, 1996 WL 283682, at *1 (May 31, 1996).

**II.     PROCEDURAL HISTORY**

Petitioner was convicted of second degree murder on January 17, 1974, and was thereafter sentenced to an indefinite prison term of fifteen years to life. ECF Dkt. #6-1 at 2-4. Upon appeal, Petitioner's conviction and sentence were upheld. *State v. Martin*, 6th Dist. Sandusky Co. C.A.NO.S-79-1, 1979 WL 207091 (May 4, 1979). Petitioner was later released on parole. ECF Dkt. #6-1 at 5-7. However, on November 14, 1985, Petitioner was re-incarcerated following a revocation hearing, with a continuation date of his next parole hearing set for 2012. *Id.* at 8-10.

On December 7, 2012, Petitioner was considered for release on parole by the OAPB. ECF Dkt. #6-1 at 11. The OAPB considered the mandatory factors and concluded that the factors supported continued incarceration, stating:

> While on parole for murder offender violated his parole by stalking multiple female victims. He takes no responsibility for his actions while on supervision and his very poor conduct while in prison since he has returned. given [sic] the offenders [sic] actions in and out of prison he shows he is not suitable for release.

*Id.* at 11. On March 19, 2015, over two years after the OAPB's December 7, 2012 decision finding Petitioner unsuitable for release, Petitioner filed a petition for state habeas corpus in the Supreme Court of Ohio challenging the OAPB's decision. *Id.* at 14. On August 26, 2015, the Supreme Court of Ohio *sua sponte* denied Petitioner's habeas petition. *Id.* at 58.

On September 8, 2015, Petitioner filed the instant petition for a writ of federal habeas corpus. ECF Dkt. #1. Petitioner asserts that his rights were violated when Respondent determined that he was not a suitable candidate for parole, and that he was eligible for "shock probation." ECF Dkt. #1 at 2. Petitioner also claims that he did not commit the "fabricated" parole violations that resulted in his re-incarceration in 1985. *Id.* at 3-4. Included in his petition, Petitioner requests that counsel be appointed "for class certification." *Id.* at 4.

Further, this Court has noted in the past that Petitioner is no stranger to federal courts, having previously filed at least ten petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction, the revocation of his parole, and the denial of his release on parole. *See Martin v. Kelly*, Case No. 3:14CV1572, ECF Dkt. #3 at 2 (N.D. Ohio April 20, 2015) (internal citations omitted). The Court also indicated that Petitioner has filed one petition for a writ of *coram nobis* against Respondent, one petition for a writ of mandamus against the United States District Court for the Southern District of Ohio, and thirty civil rights actions under 42 U.S.C. § 1983. *Id.* at 2-3 (internal citations omitted). Continuing, the Court stated that of those thirty § 1983 actions, sixteen were dismissed as frivolous, two were dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), and in eight of his civil rights cases, Petitioner failed to pay the filing fee or file an application to proceed *in forma pauperis*, resulting in dismissals for failure to prosecute. *Id.* at 3 (internal citations omitted). Following these statements, the Court dismissed Petitioner's case (Case No. 3:14CV1572), finding that the document Petitioner filed to initiate the case could not be construed as a petition for a writ of habeas corpus as he was attacking the judgment of another court and that if Petitioner were challenging his conviction or sentence, his petition would be successive as he had filed at least ten other habeas corpus petitions. *Id.* at 5 (internal citations omitted).

### III. **PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

**A.** **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d)(1) provides, in part:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

 (B) the date on which the impediment to filing created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual precedent of the claim or claims presented could have been discovered through the exercise of due diligence.

**B.** **Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th

Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other*

*grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.     Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).  Under the second prong, the last state court

to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman,* 501 U.S. at 729-30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313-14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims:
>
> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

**IV**. **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

9

529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

1. it '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's

        application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

   E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey,* 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the

11

burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**V.     ANALYSIS**

Respondent avers that Petitioner's habeas petition is barred by the AEDPA one-year statute of limitations. ECF Dkt. #6 at 4. Continuing, Respondent states that Petitioner is not challenging the imposition of his 1974 conviction or sentence, but instead raises a non-cognizable challenge to the discretionary decision of the OAPB denying his release on parole prior to the expiration of his life sentence. *Id.* Respondent contends that although Petitioner filed a state habeas petition in the Supreme Court of Ohio on March 19, 2015 to "exhaust" his instant claim in the state courts, this unsuccessful collateral state action did not serve to toll the AEDPA statute of limitations since the limitation period had already expired at the time the state habeas petition was filed. *Id.* at 6. Petitioner does not address the timeliness of his habeas petition under the AEDPA statute of limitations in his petition or his response brief. *See* ECF Dkt. #1; ECF Dkt. #7.

Petitioner's habeas petition is barred by the one-year AEDPA statute of limitations. It is assumed that Petitioner intended to file his petition according to 28 U.S.C. § 2244(d)(1)(D) since he relies on the decision of the Supreme Court of Ohio denying his state habeas petition when indicating that he has exhausted all state remedies. *See* ECF Dkt. #1 at 1. 28 U.S.C. § 2244(d)(1)(D) provides:

> (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (D)    the date on which the factual precedent of the claim or claims presented could have been discovered through the exercise of due diligence.

12

Petitioner is incorrect in his apparent belief that he complied with the AEDPA one-year statute of limitations by filing the instant habeas petition within one year of the Supreme Court of Ohio's denial of his state habeas petition. The OAPB's determination that Petitioner would not be released on parole was made by December 13, 2012.[3] ECF Dkt. #6-1 at 19. As this decision is the factual precedent on which Petitioner bases the instant habeas petition, the AEDPA statute of limitations began running, at the latest, on December 14, 2012, and thus expired, at the latest, on December 14, 2013, absent statutory or equitable tolling. *See* ECF Dkt. #6-1 at 19-21.

Petitioner did not file his state habeas petition until March 19, 2015, approximately fifteen months after the AEDPA statute of limitations expired. *See id.* at 14. Petitioner does not claim that any properly filed application for state post-conviction review or other collateral review tolled the period from the OAPB's decision in December 2012 until the filing of his state habeas petition in March of 2015. *See* 28. U.S.C. § 2244(D)(2). For these reasons, the one-year AEDPA statute of limitations had expired before the state habeas petition was filed. The filing of the state habeas petition did not revive the statutory limitations period because that limitations period had already expired. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Even though a petitioner missed the window to statutorily toll the AEDPA limitations period, he may still potentially maintain a viable habeas corpus action under the doctrine of equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (holding that "a petitioner who misses the deadline may still maintain a viable habeas corpus action if the court decides that

---

[3]The record shows that the OAPB held Petitioner's parole hearing on December 7, 2012, but does not make clear the exact date that the decision was issued. *See* ECF Dkt. #6-1 at 19-21. The record does indicate that the decision had been issued by December 13, 2012. *See id.* In any event, the instant petition was filed well beyond the one-year AEDPA statute of limitations if either date is used when calculating the date on which the statute of limitations expired.

equitable tolling is appropriate"). Equitable tolling is available when a petitioner can demonstrate that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Henson v. Warden, London Corr. Inst.*, 620 F. App'x 417, 420 (6th Cir. 2015). Petitioner does not claim that he is entitled to equitable tolling, and does not present any argument indicating that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way. Despite his familiarity with federal habeas proceedings, as demonstrated by the fact that he has filed at least ten habeas petitions prior to the instant petition, Petitioner fails to argue or demonstrate that the one-year AEDPA statute of limitations was statutorily tolled or that he is entitled to equitable tolling. Accordingly, Petitioner's petition for a writ of habeas corpus is barred by the AEDPA statute of limitations. Since Petitioner's habeas petition is time-barred, his request for appointment of counsel contained therein is rendered moot.

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.


DATE: September 16, 2016         */s/ George J. Limbert*
                                 GEORGE J. LIMBERT
                                 UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).