PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT MARTIN, ) | |
| ) | CASE NO. 3:15CV1825 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| OHIO ADULT PAROLE AUTHORITY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Resolving ECF Nos. 11 and 12 ] |

Petitioner Robert Martin, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The case was referred to Magistrate Judge George J. Limbert for a Report and Recommendation who subsequently issued a report recommending that the petition be dismissed. ECF No. 10. Petitioner filed Objections to the magistrate judge's Report. ECF Nos. 11, 12. The Court overrules the objections, adopts the Report, and dismisses the petition.

**I. Background**

On direct appeal, the Ohio Court of Appeals described the factual background of Petitioner's trial and convictions. *See State v. Martin*, No. S-95-054, 1996 WL 283682, at *1 (Ohio Ct. App. May 31, 1996). That recitation is incorporated herein.

(3:15CV1825)

Petitioner, having been convicted of second degree murder, was sentenced to fifteen years to life imprisonment. *Id*. Petitioner was later released on parole, but ultimately was re-incarcerated for violating the terms of his parole. ECF No. 6-1 at PageID #: 73, 76–78.

On December 7, 2012, the Ohio Adult Parole Board ("OAPB") again considered releasing Petitioner on parole. *Id.* at PageID #: 79. The OAPB, having contemplated the mandatory factors and concluded that they supported continued incarceration, stated:

> While on parole for murder offender violated his parole by stalking multiple female victims. He takes no responsibility for his actions while on supervision and his very poor conduct while in prison since he has returned. [G]iven the offender[']s actions in and out of prison[,] he shows he is still not suitable for release.

*Id*. On March 19, 2015, over two years after the OAPB's decision, Petitioner filed a petition for state habeas corpus in the Supreme Court of Ohio. *Id.* at PageID #: 82–125. On August 26, 2015, the Supreme Court of Ohio *sua sponte* denied the petition. *Id.* at PageID #: 126. On or about September 8, 2015, Petitioner filed the instant petition for a writ of federal habeas corpus.[1] ECF No. 1.

## II. Standard of Review

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

---

[1] Under Sixth Circuit precedent, a petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner's habeas petition does not indicate the date on which it was handed over to the prison for mailing. Regardless, neither party indicates that the habeas petition was not submitted to the Court and filed in a timely manner after being supplied to the prison mail system.

2

(3:15CV1825)

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*. (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

The Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III. Law and Analysis

A federal petition for writ of habeas corpus from a state-court judgment is subject to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under Section 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

3

(3:15CV1825)

Under limited circumstances, AEDPA's statute of limitations may be subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 646 (2010)). The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).  This doctrine is used sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). Equitable tolling is limited to those extraordinary circumstances when a habeas petitioner can establish that he has been pursuing his rights diligently, but some extraordinary circumstance has prevented timely filing. *Holland*, 560 U.S. at 646.  The diligence required to satisfy petitioner's burden needs to be "reasonable," not "maximum feasible." *Id.* at 653.

Petitioner contests the OAPB's decision to deny him parole. ECF No. 1.  The OAPB's decision became final on December 7, 2012. ECF No. 6-1 at PageID #: 79.  Petitioner did not file his state habeas petition until March 19, 2015, over two years after the OAPB's decision, and fifteen months after the AEDPA's statute of limitations expired. *Id.* at PageID #: 82–125. Because the AEDPA statute of limitations period had already expired, the filing of the state habeas petition did not toll the limitations period.  *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).  Petitioner's federal petition is time-barred unless he can demonstrate that the statute of limitations should be equitably tolled.

Petitioner's objections do not discuss the AEDPA's statute of limitations, and only briefly mention equitable tolling. ECF No. 12 at PageID #: 170.  Petition argues that, in a previous

4

(3:15CV1825)

petition in the Southern District of Ohio, Judge Smith dismissed his habeas petition because Petitioner had not paid the $400 filing fee. *Id*. Petitioner states that Judge Smith told Petitioner that he should file a new lawsuit, and declined to reopen his federal habeas case. *Id*. Petitioner argues that the decision is an example of a "clear abuse of discretion and process of [Judge] Smith prolonging false imprisonment." *Id*. As a remedy, Petitioner requests "[e]quitable estoppel, [j]udicial [a]dmissions, [l]ack of jurisdiction should be granted as a matter of law. Even [e]quitable [t]olling." *Id*.

Petitioner's assertions do not satisfy the standard for equitable tolling. Petitioner's failure to pay the filing fee or file an application to proceed *in forma pauperis* are not unavoidable circumstances beyond the litigant's control that trigger equitable tolling. *Robertson*, 624 F.3d at 783–85 (6th Cir. 2010). Nor does Petitioner indicate that his claim was subject to statutory tolling.

Petitioner also argues that evidence of his "factual innocence" was suppressed. ECF No. 11 at PageID #: 160; ECF No. 12 at PageID #: 165. Although the Supreme Court has recognized an actual innocence exception to AEDPA's statute of limitations, *McQuiggen v. Perkins*, 133 S. Ct. 1924 (2013), the petitioner must make a "credible showing" that, in light of new evidence, it is more likely than not that no reasonable juror would have convicted him. *Id.* at 1935 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "[T]enable actual-innocence gateway pleas are rare." *Id.* at 1927. Petitioner presents no new evidence. Although Petitioner summarizes the evidence presented at his parole hearing, this is insufficient to demonstrate his actual innocence. ECF No. 11 at PageID #: 160–62; ECF No. 12 at PageID #: 165.

(3:15CV1825)

Even assuming that the petition is not time-barred, the Court need not consider Petitioner's other objections because they are not true objections for the purpose of this review. Petitioner's objections repeat the claims made in his initial Petition. ECF No. 11 at PageID #: 156 (magistrate judge ignored his argument that jurisdiction was proper, as argued in ECF No. 1 at PageID #: 6); *id.* (Petitioner has a right to shock probation, as argued in ECF No. 1 at PageID #: 7); *id.* (OAPB lacked jurisdiction, as argued in ECF No. 1 at PageID #: 8); *id.* at PageID #: 156–57 (1998 Sentencing Guidelines are cruel and unusual punishment; that the guidelines are an ex post facto law; and the guidelines caused a more lengthy and harsher prison sentence, as argued in ECF No. 1 at PageID #: 7); *id.* at PageID #: 157–58 (Petitioner was sentenced upon false information, as argued in ECF No. 1 at PageID #: 8–9). These verbatim regurgitations of the initial petition do not serve as true objections. *See Cvijetinovic*, 617 F.Supp. 2d at 632.

### IV. Conclusion

Finding no basis in law or fact to rule differently, the Court adopts the magistrate judge's Report and Recommendation and dismisses the petition.

IT IS SO ORDERED.

 November 29, 2016  /s/ Benita Y. Pearson
Date                               Benita Y. Pearson
                                   United States District Judge